# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| JERALD LONG LUCAS, JR., | ) | CASE NO. 5:22-cr-561 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

This matter is before the Court on defendant Jerald Long Lucas, Jr.'s ("Lucas") motion for reconsideration. (Doc. No. 21.) On January 18, 2023, this Court held a hearing on Lucas' motion to suppress, which challenged the Canton Police Department's stop of a vehicle in which he was a passenger during the early morning hours of July 31, 2022. The police cited the driver as violating Ohio Rev. Code § 4511.43 and Canton City Ordinance § 331.18 for a "marked stop bar" violation because the car failed to stop with all four tires behind the painted white line at a stop sign.

Lucas argued at the suppression hearing that the police lacked probable cause to stop the vehicle and the stop was pretextual. After hearing testimony from one of the officers who initiated the traffic stop and viewing dash cam video from the stop, the Court found that the police officers had probable cause to believe the driver of the vehicle committed the cited traffic violation and, thus, the police officers had probable cause to initiate the stop that led to the search in this case. The Court then denied Lucas's motion from the bench.

On March 22, 2023, Lucas, through counsel, filed a motion asking this Court to reconsider his motion to suppress and the Court's disposition of the same.[1] (Doc. No. 21.) On April 7, 2023, the government filed a response opposing Lucas' motion for reconsideration. (Doc. No. 23.) This matter is now ripe for the Court's review.

Lucas does not point to any new law or evidence to justify his motion for reconsideration. Rather, Lucas contends that the Court erred when it found that the officers had probable cause to stop the vehicle for a marked stop bar violation and denied Lucas' motion to suppress the resulting search. *See United States v. Geer*, No. 1:22-cr-109, 2023 WL 2581361, at *1 (N.D. Ohio Mar. 21, 2023) ("Justifying reconsideration requires a moving party to: (1) demonstrate an intervening change in the controlling law; (2) establish that new evidence is available; or (3) prove that a clear error occurred or reconsideration is necessary to prevent manifest injustice." (citing *Louisville/Jefferson Cnty. Metro. Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009))).

Lucas contends that there is insufficient evidence to find that the driver of the vehicle actually violated Ohio Rev. Code § 4511.43 or Canton City Ordinance § 331.18 because the officer's dash cam video does not show a "clearly marked stop line." (*See* Doc. No. 21, at 1–2 (citing Ohio Rev. Code § 4511.43).) Relying on the text of Ohio Rev. Code § 4511.43, Lucas argues that if the stop line is not "clearly marked" then the driver of the vehicle need only stop before entering the intersection at a point at which the driver has a view of the approaching traffic.

---

[1] After the suppression hearing, the Court received a letter from Lucas directly. (Doc. No. 20.) In his letter, Lucas contended, as the motion filed by his attorney does, that the initial traffic stop was unlawful because the driver of the vehicle did not actually violate Ohio Rev. Code § 4511.43 or Canton City Ordinance § 331.18. Because Lucas is represented by counsel, the Court declined to consider Lucas' *pro se* letter. (02/08/2023 Non-Doc Order.) In any event, Lucas' letter raised the same argument as the motion filed by his attorney, which the Court addresses herein.

(*Id.*) Lucas contends the driver did just that, thus, complying with the law in the absence of a "clearly marked" stop bar. (*Id.*)

Whether the stop bar in question meets the definition of "clearly marked" for purposes of liability under either Ohio Rev. Code § 4511.43 or Canton City Ordinance § 331.18 is not for this Court to decide. For the Court's analysis of Lucas' motion to suppress, it is irrelevant whether the driver of the vehicle is actually liable for a marked stop bar violation, so long as the officers had a reasonable belief that the driver would be. *United States v. Stevenson*, 43 F.4th 641, 645–46 (6th Cir. 2022) (finding that officers can make reasonable mistakes of law or fact and still be justified in initiating a traffic stop).

Here, the Court found that the officers did reasonably believe that the driver committed a marked stop bar violation. As stated on the record at the suppression hearing, the Court considered the officer's testimony that the front tires of the car were past the stop bar when the car made a rolling first stop at the stop sign. The Court also viewed dash cam video of the stop in question. Contrary to Lucas' suggestion that the stop bar was undiscernible in the video, the Court found that the video corroborated the officer's testimony. At least part of a white marked stop bar line was discernible in the dash cam video and the front of the car was past both that line and the stop sign when the car made a rolling stop. The car then rolled further forward and came to a complete stop, at which point the entire car was past the white stop bar and the stop sign. Based on the officer's testimony and the video, which clearly showed at least part of a white stop bar, the Court found that the officers had grounds to reasonably believe that the driver committed a marked stop bar traffic violation. Accordingly, the Court found that the officers had probable cause to stop the vehicle for a probable traffic violation.

3

For these reasons, the Court denied Lucas' motion to suppress and now also denies Lucas'
motion for reconsideration.

**IT IS SO ORDERED**.

Dated: April 17, 2023

_____

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

4