# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:22-cr-561 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| JERALD LONG LUCAS, JR., | ) | |
| | ) | |
| DEFENDANT. | ) | |

On September 28, 2022, an indictment issued charging defendant Jerald Long Lucas, Jr. ("Lucas") with one count of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8), and one count of possessing a firearm and ammunition while having a domestic violence conviction, in violation of 18 U.S.C. §§ 922(g)(9) and 924(a)(8). (Doc. No. 1 (Indictment).) On June 29, 2023, a superseding indictment issued charging Lucas with the same crimes. (Doc. No. 30 (Superseding Indictment).) Specifically, the superseding indictment provides that Lucas, having previously been convicted of multiple felonies and domestic violence offenses, possessed a CZ-USA, P-10 S, 9mm caliber, semiautomatic pistol and ammunition. (*Id.*)

Lucas now moves[1] to dismiss both counts of the indictment.[2] (Doc. No. 46 (Motion).) Relying on the Supreme Court's recent decision in *New York State Riffle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 142 S. Ct. 2111, 213 L. Ed. 2d 387 (2022), Lucas argues that the indictment should be dismissed because the federal statutes he allegedly violated are unconstitutional. (*Id*. at 9.[3]) The government did not file a response. For the foregoing reasons, the motion to dismiss is DENIED.

## I. STANDARD OF REVIEW

Rule 12(b)(3)(B)(v) of the Federal Rules of Criminal Procedure provides that a defendant can move to dismiss an indictment for failing to state an offense. An indictment properly charges a criminal offense if it "first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United*

---

[1] The deadline for filing a motion to dismiss in this case was twenty-one days after Lucas's arraignment, *i.e.*, October 26, 2022. (Doc. No. 12, at 3 ("[M]otions other than motions *in limine* shall be filed within twenty-one (21) calendar days following the date of arraignment."); *see also* 10/5/2022 Minutes of Proceeding [non-document] (discussing the arraignment).) Therefore, Lucas's motion, which was filed on January 29, 2024, was untimely by well over a year. (Doc. No. 46.) Lucas's failure to provide any explanation for his delay in filing the motion is sufficient grounds for rejecting it. *See* Fed. R. Crim. Pro. 12(c)(3); *see also United States v. Booher*, 528 F. Supp. 3d 840, 844 (E.D. Tenn. 2021) (denying an untimely motion to dismiss that failed to show good cause). Nonetheless, for the sake of completeness, the Court will consider the merits of Lucas's motion.

[2] At the beginning and end of his motion Lucas rejects the constitutionality of both statutory sections listed within the superseding indictment. (*See* Doc. No. 46, at 1 ("Section 922(g)(1) and section 922(g)(9) strip citizens of rights guaranteed to them by the Second Amendment, with no historical precedent and is [*sic*] thus unconstitutional."); *id* at 9.) But within his motion, Lucas only offers arguments for why § 922(g)(1) is unconstitutional. (*See id*. at 5 ("Section 922(g)(1) fails *Bruen*'s text-and-history standard.").) Lucas fails to provide an explanation for why the Court should find § 922(g)(9) unconstitutional beyond the conclusory statements that the statute deprives him "of rights guaranteed . . . by the Second Amendment[] with no historical precedent" and that the statute "equates to a total lifetime ban on . . . possessing a firearm." (*Id*. at 1, 9.) These statements, made in passing, are insufficient to support Lucas's motion to invalid § 922(g)(9) as unconstitutional. Therefore, his arguments related to § 922(g)(9) are DENIED and the Court's analysis will be limited to constitutionality of § 922(g)(1).

[3] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

*States*, 418 U.S. 87, 117, 94 S. Ct. 2887, 41 L. Ed. 2d 590 (1974). When evaluating the content of the indictment, a court must take the allegations in it as true. *United States v. Lee*, 919 F.3d 340, 349 (6th Cir. 2019) (quotation marks and citation omitted).

## II.     DISCUSSION

The analysis begins with the text of the Constitution itself. The Second Amendment provides, in full, that "[a] well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. In *District of Columbia v. Heller*, 554 U.S. 570, 592, 128 S. Ct. 2783, 171 L. Ed. 2d 637 (2008), the Supreme Court held that the operative clause of the Second Amendment (*i.e.*, "the right of the people to keep and bear Arms[] shall not be infringed") conferred an individual right to "law-abiding, responsible citizens" to keep and bear arms regardless of service in the militia. *See Bruen*, 597 U.S. at 20.

Importantly, however, in conferring this right the Court also noted that the right was not absolute. *Heller*, 554 U.S. at 626. The Court cautioned that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons[.]" *Id*. (recognizing that the Second Amendment right to keep and bear arms "is not unlimited"). The Court has since reaffirmed its cautionary tone and explicitly refused to cast doubt on "longstanding prohibitions" for firearm possession (including those for felons). *See McDonald v. City of Chicago*, 561 U.S. 742, 786, 130 S. Ct. 2020, 177 L. Ed. 2d 894 (2010) ("[The Court] made it clear in *Heller* that [the Court's] holding did not 'cast doubt on such longstanding regulatory measures as 'prohibitions on the possession of firearms by felons and the mentally ill . . . .' We repeat those assurances here."(quoting *Heller* 554 U.S. at 626–27)).

According to Lucas, the Supreme Court's prior refusals "to cast doubt" on these prohibitions gave way in 2022 with the issuance of *Bruen*. (Doc. No. 46, at 1.) Lucas notes, correctly, that *Bruen* set forth a new standard for reviewing the constitutionality of regulations to firearm possession. (*Id*. at 2.) Rejecting the "popular" two step test previously adopted by some circuit courts, including the Sixth Circuit (*see United States v. Greeno*, 679 F.3d 510, 518 (6th Cir. 2012)), the Supreme Court held that for a federal firearm regulation to survive a Second Amendment challenge, the government must show that the law is "consistent with this Nation's historical tradition of firearm regulation." *Bruen*, 367 U.S. at 17. This test removes the previous "means-end scrutiny" and limits the analysis to the "text and history" of the Second Amendment. *See id*. at 23.

As it did in *Heller*, the Supreme Court emphasized that the Second Amendment protects the right of "ordinary, law-abiding citizens" to "carry a handgun for self-defense outside the home." *Id*. at 10. But as it did in *Heller*, the Court in *Bruen* also recognized that the "right secured by the Second Amendment is not unlimited." *Id*. at 21 (citation and quotation marks omitted). Indeed, in *Bruen*, five justices[4] recognized that the decision did not "cast doubt on longstanding prohibitions on the possession of firearms by felons." *Id*. at 81 (quoting *Heller*, 544 U.S. at 626–27) (Kavanaugh J., concurring and joined by Roberts, C.J.). In dissent, Justice Breyer, joined by

---

[4] Although not as clear as the other *Bruen* opinions, it seems likely that Justice Alito would not have cast doubt on any "longstanding prohibitions" against felons, bringing the total count to six justices. *See Bruen*, 367 U.S. 72 (Alito, J., concurring) ("Our holding decides nothing about who may lawfully possess a firearm or the requirements that must be met to buy a gun. Nor does it decide anything about the kinds of weapons that people may possess. Nor have we disturbed anything that we said in *Heller* or *McDonald v. Chicago*, 561 U.S. 742, 130 S.Ct. 3020, 177 L.Ed.2d 894 (2010), about restrictions that may be imposed on the possession or carrying of guns.") *See also Vincent v. Garland*, 80 F.4th 1197, 1202 (10th Cir. 2023) ("Given the *six* [j]ustices' reaffirmation of the *Heller* language and the Court's apparent approval of 'shall-issue' regimes and related background checks, we conclude that *Bruen* did not indisputably and pellucidly abrogate our precedential opinion in *McCane*." (emphasis added)).

Justices Sotomayor and Kagan, agreed that such statutes were not in doubt. *See id*. at 129–30 (Breyer, J., dissenting).

Returning to Lucas, he is not alone in his challenge. In the two years since *Bruen* was decided, federal criminal defendants and prisoners across the country have attempted to leverage the ruling in *Bruen* to contest their indictments charging, or convictions for, being a felon in possession of firearms and/or ammunition under § 922(g)(1). Unfortunately for Lucas and those making similar challenges, the vast majority of courts to address the issue, including this one and other courts within the Sixth Circuit, have concluded that the ruling in *Bruen* did not "overturn, re-write, or alter" the Supreme Court's prior determinations that restrictions on the right of convicted felons to possess weapons are constitutional. *See, e.g.*, *United States v. Haywood*, No. 22-20417, 2023 WL 3669333, at *1–2 (E.D. Mich. May 25, 2023) (citing *Heller*, 554 U.S. at 625–26 and collecting lower court cases); *see, e.g., United States v. Miller,* No. 1:22-cr-645, 2023 WL 6065116, at *3–4 (N.D. Ohio Sept. 18, 2023) (refusing to declare § 922(g)(1) unconstitutional); *United States v. Taylor*, No. 1:23-cr-289, 2023 WL 5957107, at *3 (N.D. Ohio Sept. 12, 2023) (denying motion to dismiss indictment charging violation of § 922(g)(1) premised on *Bruen*); *United States v. Bluer*, No. 22-cr-20557, 2023 WL 3309844, at *6 (E.D. Mich. May 8, 2023) (recognizing the "overwhelming consensus" that "*Bruen* is no barrier to a § 922(g)(1) prosecution"); *United States v. Davis*, No. 5:19-cr-159, 2023 WL 373172, at *2 (E.D. Ky. Jan. 24, 2023) ("*Bruen* did nothing to change the prohibition on the possession of firearms by felons, which remains well-settled law." (collecting cases)); *see also United States v. Norman*, No. 1:21-cr-383, 2023 WL 6290690, at *3 (N.D. Ohio Sept. 27, 2023) (rejecting Second Amendment challenge to § 922(g)(1) conviction under *Bruen* in the context of a motion for compassionate release).

To date, the Sixth Circuit has not commented on *Bruen*'s effect, if any, on the constitutionality of federal felon in-possession laws. *See United States v. Bowers*, No. 22-6095, 2024 WL 366247, at *3 (6th Cir. Jan. 31, 2024) ("No binding case law addresses the constitutionality of § 922(g)(1) in light of *Bruen* . . . [n]either the Supreme Court nor the Sixth Circuit has yet to address the issue.") With that being said, no circuit court has found § 922(g)(1) facially unconstitutional. *See United States v. Jackson*, 69 F.4th 495, 505–06 (8th Cir. 2023) (upholding § 922(g)(1)); *Vincent v. Garland*, 80 F.4th 1197, 1202 (10th Cir. 2023) (same). *But see Range v. Att'y Gen.*, 69 F.4th 96, 106 (3d Cir. 2023) (en banc) (holding that Section 922(g)(1) unconstitutional as applied to the defendant, whose predicate offense was a non-violent misdemeanor).[5] Finally, this Court has written an extensive opinion rejecting similar arguments facially challenging the constitutionality of § 922(g)(1). *See United States v. Brown*, No. 22-cv-704, 2023 WL 7323335, at *4 (N.D. Ohio Nov. 7, 2023). Taken together, courts across the country, including this one, have rejected the arguments put forth by Lucas.

In short, Lucas seeks to extend the scope *Bruen* well beyond its appropriate application. On multiple occasions, the Supreme Court has acknowledged the history, tradition, and, most

---

[5] The Court does not understand Lucas to be asserting an "as applied" challenge to § 922(g)(1), as was at issue in *Range*. In *Range*, the Third Circuit found that the government "has not shown that the Nation's tradition of firearms regulation supports depriving [the defendant] of his Second Amendment right to possess a firearm." *Range*, 69 F.4th at 106. But the court emphasized that its decision was "a narrow one[,]" applying to the constitutionality of § 922(g)(1) "only as applied to" the defendant "given his violation of" a statute that prohibits making false statement to obtain food stamps. *Id*. Unlike the defendant in *Range*, Lucas was convicted of multiple inherently dangerous crimes; including aggravated drug trafficking. *See United States v. Stone*, 608 F.3d 939, 947 n.6 (6th Cir. 2010) ("[D]rug trafficking is a serious offense that, in itself, poses a danger to the community." (quotation marks and citations omitted)). While the Court believes that *Range* was wrongly decided, it is also distinguished on the ground that it was limited to an "as applied" challenge that Lucas is not making, and, in any event, would not be successful, given the seriously dangerous nature of Lucas's prior felony conduct. *See, e.g., Taylor*, 2023 WL 5957107, at *3 (distinguishing *Range* on grounds that the defendant was convicted of aggravated robbery, having a weapon while under a disability, and drug trafficking, "none [of which] can be fairly characterized as nonviolent or otherwise analogous to making a false statement to obtain food stamps"); *United States v. O'Connor*, No. 03-cr-134, 2023 WL 5542087, at *4 (W.D. Pa. Aug. 29, 2023) (distinguishing *Range* on similar grounds).

importantly, constitutional muster of federal regulations restricting felons' right to possess firearms. Lucas's challenge fails to provide any compelling reason for the Court to deviate from its prior decisions on this matter, consistent with the vast majority of decisions from other courts, that *Bruen* does not cast doubt on the constitutionality of §§ 922(g)(1) or 922(g)(9). As such, Sections 922(g)(1) and 922(g)(9) are constitutional and Lucas' motion to dismiss the superseding indictment is DENIED.

### III. CONCLUSION

For the reasons set forth above, the Court denies Lucas's motion to dismiss the indictment.

**IT IS SO ORDERED**.

Dated: March 1, 2024

**HONORABLE SARA LIOI
CHIEF JUDGE
UNITED STATES DISTRICT COURT**